UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CIVIL ACTION |
|---|---|---|
| | * | |
| VERSUS | * | NO. 09-3437 |
| | * | |
| $15,701.97 U.S. CURRENCY | * | SECTION "L" (3) |

**ORDER & REASONS**

Before the Court is the United States' motion to strike the response/reply and opposition of Thelma L. Winder to Default Judgment (Rec. Doc. No. 18). For the following reasons, the motion is GRANTED.

**I. Background**

On October 28, 2008 Thelma Winder was arrested in Hammond, Louisiana. At the time of the arrest, 75 MDMA (ecstacy) pills were seized in addition to $15,701.97. On May 1, 2009, the United States filed an *in rem* complaint for the forfeiture of the $15,701.97.[1] On May 7, 2009, the Government sent Winder a letter, via certified and regular mail, apprising her of her duties should she wish to file a claim for the currency.[2] These duties included filing a verified claim and filing an answer within 20 days of that verified claim.[3]

On June 18, 2009, Winder filed a claim.[4] On September 21, 2009, the Government filed

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. No. 7-1.

[3] *Id.*

[4] Rec. Doc. No. 5.

a Motion for Entry of Default.[5] The Government noted that Winder had filed a claim, but had not filed an answer and the 20 day deadline for doing so had long expired. The Government served Winder with a copy of this motion, which the Court granted on September 24, 2009. Seven months later, and with no contact from Winder, the Government moved for default judgment on April 27, 2010[6] and the Court entered the judgment the next day[7]. On May 14, 2010 Winder filed a response and opposition to the default judgment. Winder argues that she meant her claim to also serve as an answer and the Court construes her filing as a motion to vacate the judgment.[8] On July 15, 2010 the Government filed a Motion to Strike Winder's filing.[9]

## II. Law and Analysis

18 U.S.C. § 983(a)(4)(B) and Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions govern civil forfeiture in this instance. § 983 provides the general rules for civil forfeiture and states:

> (A) In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.
>
> (B) A person asserting an interest in seized property, in accordance with

---

[5]Rec. Doc. No. 7.

[6]Rec. Doc. No. 13.

[7]Rec. Doc. No. 14.

[8]Rec. Doc. No. 16.

[9]Rec. Doc. No. 18.

> subparagraph (A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim.

18 U.S.C. § 983(a)(4)(A) & (B). Supplemental Rule G (formerly Supplemental Rule C(6)) requires direct notice of the government's complaint to "any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Supp. Rule G(4)(b)(i). The claim must be filed "by the time stated in a direct notice sent under Rule G(4)(b)." Supp. Rule G(5)(a)(ii)(A). Finally, "a claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Supp. Rule G(5)(b). Failure to comply with these requirements leaves a claimant without standing to challenge the forfeiture.

Therefore Winder had 20 days after she filed her claim on June 18, 2009 to file an answer with this Court. Winder failed to do so and a default judgment was entered in favor of the government. Winder now opposes the default judgment. The Court will construe her opposition as a request to set aside the entry of default, reinstate her claim, and allow her to file an answer.[10]

Strict compliance with Supplemental Rule G(5)(b), formerly Rule (C)(6), is required. *See, e.g., United States v. $21,044.000 U.S. Currency*, No. 97-2994, 1998 WL 213762, at *2 (E.D. La. Apr. 30, 1998); *United States v. $31,000.000 U.S. Currency*, No. 90-1829, 1990 WL 163610, at *1 (E.D. La. Oct. 22, 1990); *United States v. $288,914 in United States Currency*, 722 F.Supp.267 (E.D. La. 1989).

---

[10]While Winder does not specifically request the Court set aside the judgment and allow her to file an answer, the Court will construe her opposition as such. Winder is *pro se* and her pleadings are to be construed liberally. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520 (1972).

3

Fed. R. Civ. P. 55(c) allows the court to set aside a default decree where the party seeking relief shows good cause. The Fifth Circuit has established a three part test for determining whether to set aside the default. "[T]he district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). These factors however are not exclusive. Other considerations may be taken into account. *Lacy v. Sitel* Corp., 227 F.3d 290, 291 (5th Cir. 2000) (citing *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir 1992)).

To be sure, a court has discretion in appropriate circumstances to depart from the strict construction required by Rule G in light of the above factors. However, Winder fails to identify any special or extenuating circumstances that might warrant relaxation of the Supplemental Rule G(5)(b). Winder was unquestionably on notice of the Government's complaint seeking forfeiture. Not only was Winder notified by the Government via certified mail, but it is clear she actually received and read the notice because she filed a verified claim. Further, the Government notified Winder of their motion for entry of default which clearly stated that Winder had not filed an answer as required by Rule G. The motion for entry of default was filed on September 21, 2009 and was granted. However, the Government did not move for a default judgment until April 21, 2010, seven months later. At no time did Winder ever attempt to file an answer, nor did she request an extension or request leave to file out of time. Now, Winder claims that she believed her claim served as her answer. However, this is not a reasonable explanation considering the Government's clear notice to her that both a verified claim and a separate answer were required. In short, Winder has not suggested that she lacked actual notice, nor could she

4

reasonably do so in light of the Government's documented compliance with all notice requirements. This Court is left with no reasonable explanation for her failure to file an answer, and no rational basis for deviating from the strict compliance of the standing requirements created by Supplemental Rule G.

## III. CONCLUSION

Accordingly, the Government's Motion to Strike Response by Thelma L. Winder (Rec. Doc. No. 18) is hereby GRANTED. Rec. Doc. No. 16 shall be stricken from the record.

New Orleans, Louisiana, this 20th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE